IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:15-cr-83-WSD-JSA |
| MICHAEL B. WALLER, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Michael B. Waller's ("Defendant") Motion in Limine to Prevent Impeachment of Defendant [66] (the "Motion").[1]

## I.    BACKGROUND

On March 11, 2015, a Grand Jury returned a one-count Indictment [1] charging that Defendant, "having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm . . . in and affecting interstate and foreign commerce," in violation of

---

[1]  On April 11, 2016, the Government filed its Motion in Limine to Exclude Inadmissible and Irrelevant Evidence and to Prohibit Arguments for Jury Nullification [68]. Also on that date, the Government filed its Motion in Limine to Admit Testimony by Interstate Nexus Expert [69]. The Court will rule on these motions at the pretrial conference on May 10, 2016.

18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).

On April 11, 2016, Defendant filed his Motion. In it, Defendant seeks to prevent the Government from introducing at trial, under Rule 609 of the Federal Rules of Evidence ("Rule 609"), evidence of Defendant's convictions to impeach his character for truthfulness. (Motion ¶¶ 3, 6).[2] In his Motion, Defendant lists his felony convictions as:

   i.   January 4, 2008:  Convicted felon in possession of a firearm.

   ii.  November 20, 2008:  Two burglary convictions.

   iii. August 6, 2013:  Convicted felon in possession of a firearm, possession of a firearm during commission of a felony, possession of MDMS with intent to distribute, and possession of marijuana with intent to distribute.

(Motion ¶ 2). Defendant lists his misdemeanor convictions as:

   i.   January 4, 2008:  Carrying a pistol without a license, carrying a concealed weapon, pointing a pistol at another, and family violence battery.

   ii.  November 20, 2008:  theft by taking, and criminal trespass.

(Motion ¶ 2).

---

[2]   The Motion also requests a pretrial hearing on the issue. (Motion ¶ 6).

2

Defendant seeks to exclude evidence of these convictions because they would "unfairly prejudice" him. (Reply to United States' Response to Defendant's Motion in Limine to Prevent Impeachment of Defendant [77] ("Reply") ¶ 3)).[3] Defendant argues that, if the convictions are admitted, the jury would "simply conclude that [Defendant] is a bad person and convict him on the basis of his record." (Motion ¶ 4). Defendant further argues that the jury would conclude that "because [Defendant] previously committed a crime, he likely committed the crime presently charged." (Reply ¶ 3).[4]

On April 20, 2016, the Government filed its Response to Defendant's Motion in Limine to Prevent Impeachment of Defendant [76] ("Response"). The Government argues the convictions should be admitted because they cast doubt on Defendant's truthfulness, they are otherwise relevant to Defendant's mental state, Defendant's credibility will likely be central to the case, evidence of past convictions is important to allow the jury to evaluate Defendant's truthfulness, and,

---

[3]   The parties appear to agree that the issue of whether to admit Defendant's convictions as impeachment evidence arises only if Defendant elects to testify at trial.

[4]   Defendant also argues that the jury might infer from the length of Defendant's prior criminal sentences that "Defendant would not be treated harshly if convicted in the instant case." (Motion ¶ 5). This argument is moot because the Government stated in its Response that it would not "delve into the sentences [Defendant] received for his prior convictions." (Response at 4 n.2).

to the extent there is any claimed prejudice, it can be addressed with an appropriate limiting instruction.

## II.   DISCUSSION

### A.   Legal Standard

Rule 609 "appl[ies] to attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a); see United States v. Preston, 608 F.2d 626, 639 (5th Cir. 1979) ("[E]vidence of prior convictions is admitted under Rule 609(a)(1) solely for purposes of attacking credibility.").[5] Rule 609(a)(1)(B) applies to determining whether past conviction evidence is admissible to impeach a criminal defendant:

> [F]or a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant.

Fed. R. Evid. 609(a)(1)(B).

In applying this balancing test, courts consider a variety of factors, such as "(1) the kind of crime involved; (2) when the conviction occurred; (3) importance of the witness' testimony to the case; [and] (4) the importance of the credibility of

---

[5]   In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the defendant." United States v. Preston, 608 F.2d 626, 639 n.17 (5th Cir. 1979); see United States v. Martinez-Martinez, 369 F.3d 1076, 1088 (9th Cir. 2004) (listing similar factors).

The more similar the defendant's past conviction is to the offense for which he is on trial, the more likely it is that the conviction would be prejudicial. Preston, 608 F.2d at 639 & n.18. The older the conviction, the less likely it is to be probative. See United States v. Beahm, 664 F.2d 414, 419 (4th Cir. 1981) (finding that the defendant's almost-ten-year-old conviction was inadmissible due, in part, to its temporal remoteness). Where a defendant's credibility is central to the case, this favors admitting evidence of his convictions. See United States v. Johnson, 302 F.3d 139, 152-53 (3d Cir. 2002) (holding that evidence of defendant's conviction was properly admitted because his "[c]redibility was a major issue at trial"); United States v. Pritchard, 973 F.2d 905, 909 (11th Cir. 1992) (finding that because "[t]he crux of this case was a credibility issue, . . . [the defendant's] criminal record . . . took on special significance").

Misdemeanor convictions are not admissible to impeach defendants under Rule 609, unless the "elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2); see United States v. Houston, 481 F. App'x 188, 193 (5th Cir.

5

2012) (finding that the district court erred, under Rule 609, in admitting evidence of defendant's misdemeanor conviction because it did not involve dishonesty or false statement). The central question here is whether Defendant's past felony convictions may be introduced to impeach him.

    B.    <u>Analysis</u>

Police officers here allege that Defendant ran, pulled a gun from his pocket, and that they found the gun next to Defendant after wrestling with him. (Reply at 2-3). If Defendant testifies, "his version of the facts" will likely "directly contradict[] that of the prosecution witnesses." <u>United States v. Barnes</u>, 622 F.2d 107, 109 (5th Cir. 1980). Defendant's credibility thus will be "crucial" to the case, which heightens the impeachment value of his convictions. <u>Id.</u>; see <u>Johnson</u>, 302 F.3d at 152 ("Credibility was a major issue at trial because [the defendant's] defense depended on the jury believing his story rather than [the prosecution's witness], and evidence of a felony conviction is probative of credibility.").

Two of Defendant's convictions are for the same offense for which he will be tried. This weighs against, but does not preclude, admitting these convictions. <u>See</u> <u>United States v. Langston</u>, 576 F.2d 1138 (5th Cir. 1978) (finding no abuse of discretion in a bank robbery case where, pursuant to Rule 609(a)(1), the trial court admitted evidence of defendant's robbery and larceny convictions). The

convictions have probative value, including because Defendant may be more likely not to tell the truth to avoid punishment for an offense of which he was previously convicted.

The Court concludes, subject to the evidence presented at trial, that Defendant's 2013 felony convictions should be admitted under Rule 609(a)(1)(B) to impeach Defendant if Defendant chooses to testify. This conclusion is warranted by the recentness of these convictions and the likely centrality of Defendant's testimony and the credibility of it at trial.

The Court also concludes that one of Defendant's 2008 burglary convictions should be admitted if Defendant chooses to testify. Although burglary is not a crime involving dishonesty or false statement, "the fact that a defendant has committed a burglary is relevant to the determination of whether he is likely to be truthful under oath." Pritchard, 973 F.2d at 909 n.6. In a case involving a defendant charged with being a felon in possession of a firearm, the Eleventh Circuit upheld the trial court's determination to admit for impeachment purposes evidence of the defendant's burglary conviction. See United States v. Kilgore, 151 F. App'x 799, 802 (11th Cir. 2005).

To address any perceived prejudice, the Court will give a limiting instruction as follows:

> The Government has introduced evidence of Defendant's prior convictions. This evidence is admitted for the limited purpose of evaluating Defendant's character for truthfulness. You may not use Defendant's prior convictions as evidence of his guilt in this case or as evidence that he is disposed to commit crimes. The evidence may be considered only on the issue of Defendant's credibility.

See United States v. South, 295 F. App'x 959, 969 (11th Cir. 2008) ("The risk of undue prejudice can be reduced by a district court's limiting instruction, and this court will presume the jury follow[s] the court's instructions.").[6]

The Court finds that Defendant's other convictions are excluded under Rule 609,[7] because they are dated and cumulative, and it would be prejudicial to admit them. See Fed. R. Evid. 609; see also Fed. R. Evid. 403. Defendant's misdemeanor offenses are excluded under Rule 609 because they are not crimes of dishonesty or false statement. See Fed. R. Evid. 609(a)(2); see, e.g.,

---

[6] "To convict under 18 U.S.C. § 922(g), the government must prove . . . three elements." United States v. Hunter, 373 F. App'x 973, 977 (11th Cir. 2010). The first element is that "the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year." Id. Should the Government introduce evidence of Defendant's felony convictions to establish this offense element, the limiting instruction may need to be modified.

[7] Defendant's Reply includes two requests to exclude Defendant's convictions "for impeachment or for any other purpose." (Reply ¶¶ 3-4). The Court does not rule on the admissibility of Defendant's convictions for purposes other than Rule 609 because Defendant's Motion requests exclusion specifically under that provision. (See Motion ("[Defendant] files this Motion in Limine, pursuant to Federal Rule of Evidence 609, to prevent the Government from impeaching Defendant with his prior criminal convictions should Defendant opt to testify on his own behalf.").

United States v. Sellers, 906 F.2d 597, 603 (11th Cir. 1990) ("It is established in this Circuit . . . that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2).").[8]

### III. CONCLUSION

Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine to Prevent Impeachment of Defendant [66] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** with respect to Defendant's misdemeanor convictions, one of his 2008 burglary convictions, and his 2008 conviction for possession of a firearm by a convicted felon. It is **DENIED** with respect to Defendant's remaining convictions and with respect to Defendant's request for a pretrial hearing.

**SO ORDERED** this 2nd day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[8] The Government's Response does not dispute that Defendant's misdemeanor convictions should be excluded under Rule 609. It appears, however, that the Government did not realize that Defendant's Motion sought to exclude his convictions for misdemeanor offenses. (See Response at 2 n.1; Reply ¶ 3).